UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

DIJON SMITH,

                                        Plaintiffs,

                                                                    **COMPLAINT AND DEMAND FOR**

            -against-                                               **JURY TRIAL**

CITY OF NEW YORK, POLICE OFFICER

CHRISTOPHER KNITTER, SERGEANT

SCOTT SEVERINO and POLICE

OFFICERS

JOHN DOES, individually and in their

official capacities.

                                        Defendants.

          Plaintiff, Dijon Smith, by and through her attorneys, Shaw Kreizer, P.A., complaining of

the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

          1.  Plaintiffs bring this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. 1981, 1983, 1985 and 1988, for the wrongful acts of

Defendants The City of New York, Police Officer Christopher Knitter, Sergeant Scott Severino

and Police Officers John Does, as Officers of the New York City Police Department, acting

under color of state law and pursuant to their authority, in violation of Plaintiff's rights secured

by the Civil Rights Act of 1871, 42 U.S.C. 1981, 1983, 1985 and 1988; by the United States

1

Constitution, including its Fourth, Fifth, Eighth, and Fourteenth Amendments; and by the laws and Constitution of the State of New York.

2. Defendants, the City of New York and Police Officer Christopher Knitter, Sergeant Scott Severino and Police Officers John Does; individually and, as the case may be, in their official capacities, jointly and severally, did cause plaintiff Dijon Smith to be subject to, *inter alia*, an unreasonable search, excessive and unreasonable force, false arrest and imprisonment, causing their loss of liberty and physical and mental injury.

3. Plaintiffs seek (i) compensatory damages for physical injury, psychological and emotional distress, and other financial loss caused by the illegal actions of the defendants; (ii) punitive damages to deter such intentional or reckless deviations from well-settled constitutional laws; and (iii) such other and further relief, including costs and attorneys fees, as this court deems equitable and just.

## JURISDICTION

4. This action is brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory, and common laws of the State of New York.

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of plaintiffs' constitutional and civil rights.

6. Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

7.  Venue is properly laid in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391(b)(2), this being the District in which the claims arose.

## NOTICE OF CLAIM

8. Plaintiff Dijon Smith filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the events complained of herein.  More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## TRIAL BY JURY

9.  Plaintiffs demands a trial by jury on each and every one of their claims as pled herein pursuant to Fed., R. Civ. P. 38(b).

## PARTIES

10.  At all times relevant hereto Plaintiff Dijon Smith was and is a citizen of the United States and was residing in the Waterbury, Connecticut at the time of the incident.

11.  At all times relevant hereto defendant The City of New York (hereinafter, "NYC") was and is a municipality of the State of New York and owns, operates, manages, directs, and controls the New York City Police Department, which employs the other named Defendants.

12.  At all times relevant to this action, Defendants Police Officer Christopher Knitter, Sergeant Scott Severino and Police Officers John Does are and were police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state

3

law.  They are being sued in both their individual and official capacities.

13.  At all times relevant hereto and in all their actions described herein, Police Officer Christopher Knitter, Sergeant Scott Severino and Police Officers John Does were acting under color of statutes, ordinances, regulations, policies, customs, and usages of the NYPD and NYC, pursuant to their authority as employees, servants, and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents, and police officers.

14.  NYC was responsible for the hiring, training, supervision, discipline, retention, and promotion of the police officers, sergeants, and/or employees of the NYPD.  They are being sued both in their individual and official capacity.


## FACTS

15.  On Saturday, January 31, 2015, at approximately 8:00 a.m., plaintiff was at her friend, Kasine Deleston's home located at 3419 Irwin Avenue, Bronx, New York, where she had spent the night.

16.  At said time and place aforesaid, multiple New York City Police Officers, including defendants Police Officer Christopher Knitter and Sergeant Scott Severino knocked on the door of said residence. Said officers did not have a search or arrest warrant in their possession.

17. Upon Mr. Deleston's opening the door, said officers indicated that they were looking for someone and subsequently entered the residence without Mr. Deleston's permission.

18. Upon entering the premises, said officers searched Mr. Deleston's residence where they found a quantity of marijuana. Upon finding said marijuana and Mr. Deleston advising that

4

same belonged to him, the officers arrested him.

19. The officers thereafter brought plaintiff into another room where they showed her a picture of an individual and interrogated plaintiff as to that individual's whereabouts. Despite plaintiff indicating that she had never seen said individual before, said officers continued to threaten and interrogate plaintiff. More specifically, plaintiff was told that if she did not provide information as to the whereabouts of the individual in said picture, she would be arrested for marijuana possession despite Mr. Deleston's admission that the marijuana belonged to him and despite said officers knowing that plaintiff did not live at that location. Said officers further advised plaintiff that if they left the room without plaintiff giving them the information they wanted, she would be in a lot of trouble. She would be arrested and in jail until at least the following Monday.

20. When plaintiff could not tell the officers the whereabouts of the individual in their photo, she was arrested, handcuffed and brought to the 50th Precinct located in the Bronx, New York.

21. Plaintiff was held at the 50th Precinct for approximately 12 hours for processing. The next morning, February 1, 2015, she was transported to Central Booking.

22. Plaintiff was arraigned at approximately 9:00 p.m. on the evening of February 1, 2015. She was charged multiple crimes and bail was set at $250,000.00.

23. After her arraignment, plaintiff was transferred to Riker's Island, where she stayed for 5 days.

24. On February 5, 2015, plaintiff attended a court appearance where she was released on her own recognizance.

25. On May 28, 2015, plaintiff's criminal case pertaining to docket 2015BX004745 was dismissed and sealed on the motion of the District Attorney.

26. Within ninety (90) days of the incident, a Notice of Claim on behalf of Ms. Smith was served upon NYC.

27. At least thirty (30) days have elapsed since said demands and/or claims upon which this action is in part predicated was presented to NYC for adjustment and NYC has neglected and/or refused to adjust and/or make payment.

28. This action is commenced within one (1) year and ninety (90) days of the occurrence herein.

## FIRST CLAIM FOR RELIEF:
## DEPRIVATION OF FEDERAL CIVIL RIGHTS

29. Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

30. All of the aforementioned acts of Defendants, their agents, servants, and employees were carried out under color of state law.

31. All of the aforementioned acts deprived Plaintiff of the rights, privileges, and immunities guaranteed citizens of the United States by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

32. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

33. The acts complained of were carried out by the aforementioned individual

Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

34.  Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure, or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

35.  By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. §1983; and by the laws and Constitution of the State of New York, for which the Defendants are individually and jointly liable.

## SECOND CLAIM FOR RELIEF:
### FALSE ARREST

36.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

37.  As a result of Defendants' aforementioned conduct, Plaintiff was subject to an illegal, improper, and false seizure and arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated, and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege, or consent.

38.  As a result of their false arrest, Plaintiff was subjected to humiliation, mental anguish, ridicule, and disgrace and was deprived of their liberty.  Plaintiff was discredited in the minds of many members of the community.

39.  All of the aforementioned acts of the Defendants constituted false arrest under the

laws of the State of New York and the Defendants are liable for said damage.

## THIRD CLAIM FOR RELIEF:
## FALSE IMPRISONMENT

40.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

41.  As a result of their false imprisonment, Plaintiff was subjected to humiliation, ridicule, mental anguish and disgrace and was deprived of her liberty.  Plaintiff was discredited in the minds of many members of the community.

42.  All of the aforementioned acts of the Defendants constituted false imprisonment under the law of the State of New York and the Defendants are liable said damage.

## FOURTH CLAIM FOR RELIEF:
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

43.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

44.  Defendant police officers engaged in extreme and outrageous conduct beyond all possible bounds of decency arrested Plaintiff without cause or reason.

45.  Defendants' extreme and outrageous conduct was intended to inflict severe distress upon the Plaintiff.

46.  The Defendant officers' outrageous conduct did inflict severe distress upon Plaintiff, which caused Plaintiff to suffer anxiety and mental anguish.

47.  All of the aforementioned acts of the Defendants constituted intentional infliction of emotional distress under the law of the State of New York and the Defendants are liable for said

damage.

## FIFTH CLAIM FOR RELIEF:
## <u>MALICIOUS PROSECUTION</u>

48.   Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

49.   By the actions described above the defendants maliciously and without probable cause, prosecuted the Plaintiff.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated their statutory and common law right as guaranteed by the laws and constitution of the State of New York.

50.   As a result of the foregoing, Plaintiff was deprived of her liberty, suffered great humiliation, anguish, costs and expenses and was otherwise damaged and injured.

## SIXTH CLAIM FOR RELIEF:
## <u>MUNICIPAL LIABILITY</u>

51. Plaintiffs repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

52. The acts complained of herein were carried out by the Defendant officers in their capacities as police officers, employees and officials pursuant to the customs, policies, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said departments.

53. Prior to January 31, 2015, NYC and NYPD developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional rights of persons in NYC, which

caused the violation of Plaintiff's rights.

54. It was the policy and/or custom of NYC and NYPD to inadequately and improperly train and supervise its police officers, including the defendant officers, thereby failing to adequately discourage further constitutional violations on the part of its police officers.

55. It was the policy and/or custom of NYC and NYPD to inadequately and improperly investigate complaints of misconduct against police officers filed by persons in police custody, and acts of misconduct were instead tolerated by NYC, including, but not limited to the following incidents: assault and battery, harassment, negligence, intentional infliction of emotional distress and deliberate indifference to medical needs.

56. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD constituted deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

57. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the proximate cause of the constitutional violations suffered by Plaintiffs as alleged herein.

58. The foregoing customs, policies, usages, practices, procedures, and rule of NYC and the NYPD were the moving force behind the constitutional violations suffered by Plaintiffs as alleged herein.

59. As a result of the above described policies and customs, police officers of NYPD, including the defendant officers, believed that their actions would not be monitored by supervisory officers and that their own misconduct would not be investigated or sanctioned, but instead would be tolerated.

60. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiffs.

61. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate officers and were directly responsible for the violation of Plaintiffs' constitutional rights.

62. Defendants NYC, as municipal policymakers in the training and supervision of Defendant police officers/employees, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violations of their freedom from deprivation of Liberty without Due process of law in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

63. All of the foregoing acts by Defendants deprived Plaintiffs of federally protected rights, including, but not limited to, the right:

      a.     Not to be deprived of liberty without due process of law;

      b.     To be free from unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution;

      c.     To be protected against violations of their civil and constitutional rights;

      d.     Not to have cruel and unusual punishment imposed upon them; and

      e.     To receive equal protection under the law.

## SEVENTH CLAIM FOR RELIEF:
## CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS
## UNDER 42 U.S.C. § 1983, 1985, 1986

64.  Plaintiff repeats and reiterates the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

65. All the defendants, acting with each other individually and on behalf of and under the auspices and control of the City, and under color of law, conspired to injure plaintiffs in his person and property and deprive plaintiff of their First, Fourth, Fifth and Fourteenth Amendment rights.  The defendants jointly caused such deprivation of rights by acting in concert to disseminate false information concerning the plaintiff and by disseminating false information that lacked any reasonable basis or probable cause to support it that the plaintiff committed a crime, and/or to charge them with a crime, and/or to arrest them.

66. The defendants further deprived the plaintiff of her due process rights specifically by conspiring to and assisting in the arrest of the plaintiffs without probable cause and participating in the prosecution of plaintiffs; by denying the plaintiffs their First, Fourth, Fifth and Fourteenth Amendment rights via a conspiracy to deprive the plaintiffs of their liberty and taking their property without due process and compensation; conspiring together to cover up the misconduct they committed; and preventing the plaintiffs from being compensated for their wrongful arrest, for the loss of their constitutional rights, the loss of their job and for the emotional harm they incurred.

67. The aforesaid actions by the defendant police officers were done pursuant to an official municipal policy or custom of the city and state, which policy involved the indiscriminate detention, interrogation, intimidation, denial of medical attention, excessive force

12

and prosecution of individuals who were not engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice.

68. The defendants' failure to stop these wrongful acts and actions constitutes a breach of their duty to do so under 42 U.S.C. § 1986.

69. The defendants knew or should have known that the misconduct and false and fabricated accusations and/or charges against plaintiffs were violative of his First, Fourth, Fifth and Fourteenth Amendment rights to due process and equal protection, and were tantamount to unequal protection under the law, in violation of the plaintiff's fundamental rights under the Constitution.

70. Said defendants had the power to prevent the continued due process violations against the plaintiff, yet had failed to prevent the dissemination of false information and/or to dismiss the fabricated accusations and charges against plaintiffs, and/or to protect the plaintiffs from the unwarranted and potential harm and penalties of said charges.

71. Defendants herein, their agents, servants and employees, motivated in part by racial and/or ethnic animus, conspired to deprive plaintiffs of their federal civil and constitutional rights, in violation of 42 U.S.C. § 1985 and the laws and Constitution of the State of New York

72. All of the aforementioned acts of Defendants constituted a violation of Plaintiffs' civil rights provided to him under the United States Constitution and 42 U.S.C. § 1983, 1985, and 1986 and the laws and Constitution of the State of New York

13

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

1.   A monetary sum that exceeds the jurisdictional limits of all lower courts that might otherwise have jurisdiction herein;

2.   Compensatory Damages

3.   Punitive Damages;

4.   Reasonable attorney's fees and costs;

5. The costs and disbursements of this action; and

6.  Such other and further relief as this Court deems just and proper.

DATED:        New York, New York
              April 28, 2016

Respectfully submitted,

David P. Kreizer, Esq.
Shaw Kreizer, P.A.
*Attorney for Plaintiff*
116 West 23rd Street, 5th Floor
New York, New York 10011
(212) 962-0848

14